COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  SUPREME JUDICIAL COURT
                                                 FOR SUFFOLK COUNTY
                                              DOCKET NO. BD-2009-013

IN RE: LAWRENCE P. NOVAK

MEMORANDUM OF DECISION AND ORDER

The Board of Bar Overseers (board) has filed an information recommending that the respondent Lawrence P. Novak be disbarred.

The procedural history of this matter is important. The respondent, who was admitted to the bar of the Commonwealth on December 16, 1986, was convicted on February 2, 2009, of endeavoring to obstruct justice in violation of 18 U.S.C. § 1503; money laundering in violation of 18 U.S.C. § 1956(a)(3)(B); and money laundering in violation of 18 U.S.C. § 1956(a)(3)(B) and (C). The convictions were based on guilty pleas by the respondent. Each of the crimes at issue is a felony, and each constitutes a "serous crime" as defined in S.J.C. Rule 4:01, § 12(3). By order dated February 20, 2009, the respondent was temporarily suspended from the practice of law. Bar counsel filed a petition for discipline against the respondent on May 27, 2009. The respondent did not file a timely answer, but was thereafter given time to move for relief from default, which he did. In his answer, the respondent admitted the

- 2 -

allegations of fact in the petition for discipline, but did not allege any facts in mitigation. Nevertheless, the respondent requested a hearing on mitigation. The board's chair allowed the respondent until August 21, 2009, to file a statement of facts in mitigation and of his reasons for seeking a hearing. The respondent did not file any statement by that date, but did move to stay the disciplinary hearing until his appeal from his conviction was decided or until he was released from custody after serving his incarcerated sentence of eighty-seven months. The board's chair denied the motion for stay and gave the parties until September 9, 2009, to file memoranda on disposition. On September 9, the respondent filed an objection to proceeding with the disposition and a motion for stay of the disciplinary proceedings and disposition. On September 10, 2009, the chair denied the motion to stay. On September 14, 2009, the board voted unanimously to recommend that the respondent be disbarred.

A hearing on the information and the board's recommendation for disbarment was held before me. Counsel for the respondent argued that because the respondent is pursuing an appeal, at the very least this matter should be stayed until completion of the appeal, to permit the respondent to be heard in mitigation. Counsel did not present any facts or argument in mitigation, stating that the respondent had not informed counsel at this juncture as to the nature or substance of the mitigating facts he wishes to present.

In light of the nature of the crimes to which the respondent has pleaded guilty, and on the record presented, I find no basis to stay disposition of this disciplinary matter. Based on the board's recommendation and my review of the record, I conclude

that an order of disbarment should enter.

## ORDER

For the foregoing reasons, it is ordered that the respondent be disbarred, effective as of February 20, 2009, the date of his temporary suspension.

*Margot Botsford*
Margot Botsford
Associate Justice

ENTERED: November 19, 2009

A True Copy

11-23-09
Date

Attest: *[signature]*
Assistant Clerk